WILLIAM BRADLEY, ADMINISTRATOR, DEFENDANT IN ERROR, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, PLAINTIFF IN ERROR.

Argued December 9, 1912—Decided March 3, 1913.

The plaintiff's decedent, a boy about nine years of age, in company with a grown woman, while attempting to cross defendant's tracks, upon a public highway, after a freight train had delayed their passage, was struck by an express train running in the opposite direction from the freight train. There was testimony from which a jury might properly infer that the express train had not given the statutory signals, and that the deceased was in the exercise of due care. *Held*, under the circumstances that a motion to nonsuit and a motion to direct a verdict for the defendant were properly denied.

On error to the Supreme Court.

For the defendant in error, *William C. Gebhardt.*

For the plaintiff in error, *George Holmes.*

The opinion of the court was delivered by

MINTURN, J.    But two questions are presented by the writ
of error in this case—*first,* whether the trial court committed
error in refusing to nonsuit at the end of the plaintiff's case;
*second,* whether the court erred in refusing to direct a verdict
for defendant at the close of the entire case.

The case was entirely one of fact, and is comprised within
comparatively a narrow compass.    William Bradley, plaint-
iff's son and intestate, a bright boy nine years of age, while
attempting to cross the tracks of defendant's road where they
crossed the public highway, known as McKeon street, in the
town of Phillipsburg, shortly after seven o'clock in the even-
ing of June 20th, 1911, was killed by the passing of one of
defendant's express trains running at a high rate of speed.
The manner in which he met his death is detailed by a young
woman named Kate Fisher, who was at his side when the
accident happened, waiting, as was he, to cross the west-
bound track, until such time as a coal train, pushed and
hauled by two of defendant's engines, had passed over on
the eastbound track.

When this latter train had passed they started, according
to her story, to cross the tracks together, and then she says:
"I happened to turn around and looked down Mounts cross-
ing, and was walking right on, and the little fellow (de-
ceased) with me, and as I turned around I turned my head
again, I seen the little fellow fall at my feet, and that is all
I knew after that."    She says she did not see the train com-
ing until it was "right on top" of her.    She looked for its
coming because she expected it about that hour.    Prior to
its coming the view in that direction was obstructed by the
passing of the freight train, and after that had passed she says:

"The little fellow and I went over, and the other train came up so quick we didn't know nothing." She says there was no signal given of its approach, that there was no bell or whistle sounded; the gates at the crossing were up and the flagman, usually in attendance at the crossing, had gone off duty shortly before, leaving the crossing unattended.

Seven witnesses for the plaintiff testified that they observed the express train coming, and that it neither blew a whistle nor rang a bell. Under this posture of the case the nonsuit was moved for on the ground of the contributory negligence of the deceased.

The court properly denied the motion on that ground, since under a state of facts such as has been narrated, the questions of negligence and contributory negligence were clearly for the jury. *Central Railroad* v. *Moore,* 4 *Zab.* 824; *Tubello* v. *Delaware, Lackawanna and Western Railroad Co.,* 38 *Vroom* 581; *Quinn* v. *West Jersey Railroad Co.,* 49 *Id.* 539.

The defendant's counsel, upon his motion to nonsuit, referred to the statutes. *Pamph. L.* 1909, *p.* 137, and *Pamph. L.* 1910, *p.* 490. But as the plaintiff does not invoke them in support of his claim, but predicates his right to recovery entirely upon the non-performance of defendant of its statutory obligation of failing to blow a whistle or ring a bell, we find it unnecessary to consider them as a factor in the case.

The case presented by the defendant consisted of the fireman and engineer of the express train, both of whom testified that the statutory signals were given. Other witnesses for the defence testified to the ringing of the crossing bell at the gates, and if the testimony of these witnesses were accorded full credit, the defendant, it may be, was in nowise negligent.

But whether their testimony as against the testimony offered in behalf of the plaintiff was to be credited, manifestly presented a fact question for the consideration of the jury, and the motion to direct a verdict was therefore properly denied.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDEN-BURGH, CONGDON, TREACY. JJ. 11.

*For reversal*—None.